[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT CONNECTICUT STATE POLICE MOTION TO DISMISS AS TO MICHAEL SCATENA
Michael Scatena, ("Plaintiff") who appears pro se and is an inmate of the Department of Corrections, seeks declaratory and injunctive relief ordering the Connecticut State Police, specifically Troop "A" Barracks in Southbury, to release records regarding the plaintiff. The records sought by the plaintiff are reports allegedly made to the State Police by witnesses who claim to have overheard the plaintiff threaten to kill judges assigned to the Waterbury Judicial District. In the prosecution of the plaintiff for second degree harassment, a witness, Magadelena Vargas, who was also the plaintiff's estranged girlfriend, testified that the plaintiff had made such threats. She testified that she reported these threats to the Connecticut State Police Troop "A" Barracks in Southbury, the Waterbury Police Department, and the Public Safety Division of Naugatuck Valley Community-Technical College. Plaintiff maintains that the records of the State Police will prove that these reports were never made, thus undermining the validity of the claims brought against him. Plaintiff further states that these false accusations were used against him at his subsequent criminal trial. In that matter, the plaintiff plead nolo contendre and was convicted on charges of Harassment in the Second Degree, General Statute § 53a-183, and Tampering with a Witness, General Statute § 53a-151. Plaintiff contends that both charges were based on the false testimony of two witnesses, Magdalena Vargas the estranged girlfriend of the plaintiff, and Anthony Scatena, the plaintiff's father.
In their motion to dismiss, defendants assert that this court does not have subject matter jurisdiction over this claim because the plaintiff has not exhausted his administrative remedies with the Freedom of CT Page 7612 Information Commission ("FOIC"). Defendant maintains that since the plaintiff made his request for records under the Freedom of Information Act, General Statute § 1-210 et seq, the plaintiff is required to pursue an appeal with the FOIC regarding the defendant's refusal to release records, before the plaintiff can file a claim in Superior Court. Defendant claims that the plaintiff's failure to exhaust deprives this court of subject matter jurisdiction over the defendant's claim.
In support of his claim, defendant relies on Pet v. Department ofSocial Services, 207 Conn. 346, 350-351, 542 A.2d 672 (1988). In Pet, a psychiatrist sought injunctive relief in the Superior Court against the Connecticut Department of Health Services. The plaintiff was engaged in disciplinary hearings with the Department of Health Services when he filed the suit for relief. At that time, the plaintiff still had at least two more levels of administrative hearings to adjudicate within the Department of Health Services itself. The court in Pet identified the remaining administrative remedies as a bar to the court's subject matter jurisdiction and dismissed the suit. Id. "It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." Connecticut Life Health Ins. Guaranty Assn. v.Jackson, 173 Conn. 352, 358-59, 377 A.2d 1099 (1977)
The FOIC has stated in correspondence[1] with the plaintiff that appeals must be held at the FOIC and that the FOIC does not have the ability to transport inmates to the FOIC for these hearings. The FOIC also communicated to the plaintiff that he need not be personally present for his appeal and that a representative of the plaintiff could instead be present. Plaintiff has not satisfactorily proven to this court that this limitation is so burdensome as to make the existence of an administrative remedy futile.
This court is not persuaded by plaintiff's argument that he has been barred from utilizing his administrative remedies with the FOIC due to his status as an inmate of the Department of Corrections. Courts have recognized an exception to the exhaustion doctrine in those instances where the remaining administrative remedies are "inadequate or futile." The principle of futility, as an exception to the exhaustion doctrine, exists only when the plaintiff can demonstrate that the available administrative remedy would be useless, not that the logistics of the remedy would be burdensome. (Cahill v. Board of Education of City ofStamford, 198 Conn. 229, 235, 502 A.2d 410, 418 (1985)).
The plaintiff has not exhausted his administrative remedies. Accordingly, the motion to dismiss is granted. CT Page 7613
So ordered.
ROBERT L. HOLZBERG, J.